IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LEROY THOMAS,

    Plaintiff,

v.                                 CIVIL ACTION NO.: CV506-070

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Robert O. Foerster ("the ALJ" or "ALJ Foerster") denying his claim for Disability Insurance Benefits and Social Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant contends that the Commissioner's decision should be affirmed because Plaintiff failed to establish that he was disabled within the meaning of the Social Security Act.

On October 12, 2004, Plaintiff protectively filed a Title II application for Disability Insurance Benefits and a Title XVI application for Supplemental Security Income, alleging that he became disabled on February 8, 2004. (Tr. at 11). After Plaintiff's claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Id.). On December 12, 2005, ALJ Foerster held a hearing at which Plaintiff appeared, testified, and was represented by counsel. (Id.). ALJ Foerster found that Plaintiff was not disabled within the meaning of the Social Security Act ("The Act"). (Tr. at 20). The Appeals Council

denied Plaintiff's request for review and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4-6).

Plaintiff was thirty-seven (37) years old when ALJ Foerster issued his decision. He has obtained his general equivalency degree. (Tr. at 300; Pl.'s Br., p. 2). His past relevant work experience includes employment as a cashier, forklift operator, saw operator, die cast machine operator, and janitor. (Tr. at 64 & 78-80).

## ALJ'S FINDINGS

Pursuant to the Act, the Commission has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141,

2

107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to perform other work in the national economy, considering his age, education, and work experience. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of February 8, 2004, Plaintiff has not engaged in substantial gainful activity. (Tr. at 13). At step two, the ALJ determined that Plaintiff suffers from degenerative joint disease of the knees, lumbar disc disease, chronic obstructive lung disease, and alcohol and drug abuse, impairments considered "severe" within the Act. (Id.). However, the ALJ also determined that Plaintiff's impairments, either individually or in combination, did not meet or medically equal a listed impairment. (Tr. at 16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium exertional work. (Id.). ALJ Foerster found that Plaintiff's residual functional capacity does not preclude him from performing his past relevant work as a cashier, forklift operator, saw operator, die cast machine operator, or janitor. (Tr. at 20).

## ISSUES PRESENTED

The issues presented in this review are whether the ALJ erred in: 1) relying upon the opinion of a non-examining, reviewing physician to determine Plaintiff's residual functional

AO 72A
(Rev. 8/82)

capacity; 2) not ordering a supplemental hearing; and 3) not ordering an additional neurological evaluation of Plaintiff.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION OF AUTHORITY

I.  **The ALJ Properly Evaluated the Opinion of the Reviewing Physician.**

Plaintiff asserts that ALJ Foerster erred in relying solely upon the opinion of Dr. John Hassenger, a non-examining, reviewing physician, in determining that Plaintiff has the residual functional capacity to perform medium exertional work. (Pl.'s Br., p. 6). Plaintiff alleges that, in doing so, the ALJ improperly discounted the opinions of consultative physicians, Drs. Hornback and Chalam. (Id.).

"The RFC assessment is based on all relevant medical and other evidence in the case record". Humphries v. Barnhart, 183 F. App'x 887, 890 (11th Cir. 2006). "The ALJ must state with particularity the weight he or she gives to different medical opinions and the reasons for the weight given... ." Id. Notably, the opinion of a physician who did not examine the claimant is entitled to little weight when taken alone. Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

Dr. Hassenger, then, as a non-examining physician, could not provide the sole basis for the residual functional capacity determination. A review of the report reveals that such sole reliance was not the case. Dr. Hassenger's opinion was in line with both consultative physicians' objective findings. Furthermore, ALJ Foerster based his RFC determination on the whole of the record, including Hassenger's opinion but also including the objective medical evidence produced by the consultative examiners.

To the extent that they restricted Plaintiff to sedentary work, the ALJ found Drs. Hornback and Chalam's opinions unsupported by their clinical findings. ALJ Foerster observed that although Dr. Hornback opined that Plaintiff was only able to perform

5

sedentary work, that opinion was based on Plaintiff's own subjective complaints, as the physician had indicated that there was "nothing objective to correlate with [Plaintiff's] subjective complaints". (Tr. at 15). The ALJ further noted that Dr. Chalam's opinion that Plaintiff had a "less than sedentary" residual functional capacity must have been based on Plaintiff's subjective allegations of pain because the results of his actual physical examination did not warrant such a limitation. (Id.).

ALJ Foerster reasoned that Plaintiff's subjective complaints were not reliable for several reasons. (Tr. at 17). Specifically, the ALJ reiterated that the clinical evidence contradicts Plaintiff's subjective allegations of disability, as it reveals that Plaintiff's muscoskeletal and neurological examinations have been normal, and the x-rays of Plaintiff's lumbar spine revealed no significant abnormalities. (Id.). ALJ Forester additionally noted that the Plaintiff has given contradictory testimony regarding his prior work. (Tr. at 18). Specifically, the ALJ pointed out that Plaintiff testified at his hearing that he last worked in February 2004, but then reported in August 2005 that he had "worked in concrete" the prior day. (Id.). The ALJ also found Plaintiff's testimony unpersuasive because Plaintiff has given "poor" and inconsistent testing on two different occasions, as a testing report stated Plaintiff "could have exerted better effort to obtain more accurate results." (Tr. at 19). Lastly, ALJ Forester stated that the "most significant factor" affecting Plaintiff's ability to work is his continuous history of alcohol and polydrug abuse. (Id.). Notably, the ALJ specified that a prior treating physician had advised Plaintiff to stop using alcohol, that Plaintiff had tested positive for cocaine, and that Plaintiff was assessed as abusing both cocaine and alcohol. (Id.).

AO 72A
(Rev. 8/82)

In determining Plaintiff's residual functional capacity, ALJ Foerster gave greatest weight to Dr. Hassenger's opinion that Plaintiff could perform medium exertional work because such was consistent with, and corroborated by, the objective medical evidence of record. (Tr. at 16). Additionally, the ALJ gave less weight to the opinions of Drs. Hornback and Chalam to the extent they limited him to sedentary work because they were based only on Plaintiff's subjective allegations and were unsupported by their objective findings. (Tr. at 15). Accordingly, ALJ Foerster's determination that Plaintiff had the residual functional capacity to perform medium exertional work was supported by substantial evidence because: 1) he stated with particularity the reasons for assigning different weight to each physicians' opinion; and 2) the opinion of Dr. Hassenger was not taken alone.

## II.    ALJ Foerster Did Not Err in Failing to Order a Supplemental Hearing.

When the ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence a plaintiff contends supports his contentions, cross-examination of the report's author via a supplemental hearing is necessary. See Demenech v. Sec'y of the Dep't of Health & Human Services, 913 F.2d 882, 884 (11th Cir. 1990). However, an ALJ's denial of a plaintiff's request to cross-examine a post-hearing consultative doctor in a supplemental hearing does not violate due process when the ALJ did not solely rely on the post-hearing report in denying a plaintiff's benefits, and where the report was consistent with the reports of consultative physicians, aside from contradicting their actual conclusion. James v. Barnhart, 177 F. App'x 857, 877 (11th Cir. 2006).

AO 72A
(Rev. 8/82)

Plaintiff avers that though he requested a supplemental hearing after receiving reports from the consultative examiners, the ALJ erroneously never ruled on that request and denied Plaintiff benefits without any supplemental hearing. (Pl.'s Br., p. 8). Although ALJ Foerster considered the opinions of the two consultative physicians, Drs. Hornback and Chalam, in denying Plaintiff benefits, he also relied upon the opinion of Dr. Hassenger, the reviewing physician, and a substantial amount of objective medical evidence in making his decision. (Tr. at 16-20). Consequently, the ALJ did not err in failing to order a supplemental hearing because he did not rely solely upon the reports of the consultative physicians to the exclusion of other evidence in making his decision.

### III. The ALJ Did Not Err in Failing to Order a Neurological Evaluation of Plaintiff.

The ALJ has a duty to develop the record fully and fairly, Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), and is required to order a consultative examination where necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order such an independent evaluation where the record is sufficient in and of itself and additional expert testimony is unnecessary. Wind v. Barnhart, 133 F. App'x 684, 693 (11th Cir. 2005).

Plaintiff asserts the ALJ erred in not ordering an additional neurological evaluation upon discrediting the opinion of both of the consultative physicians. (Pl.'s Br., p. 7). However, the ALJ noted that a prior physical examination of Plaintiff revealed good neurovascular function. (Tr. at 14). Additionally, ALJ Foerster stated that Dr. Hornback's neurological evaluation of Plaintiff was normal. (Id.). Plaintiff fails to demonstrate that an

independent evaluation was necessary to fully develop the record, and thus the ALR did not err in failing to order an additional evaluation.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 31st day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)